UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TAIMARK DICKSON,**

    **Plaintiff,**

v.                                                            Case No.  5:25-cv-360-TKW-MJF

**D.W. MADDOX, et al.,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 7) and Plaintiff's objection (Doc. 8) and letter (Doc. 9). The Court reviewed the issues raised in Plaintiff's filings de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history as required by the court-mandated complaint form. *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

The Court did not overlook Plaintiff's argument that his failure to fully disclose his litigation history resulted from him not understanding the litigation history questions on the form and/or from prison officials having destroyed his legal documents. However, neither excuse justifies Plaintiff's failure to fully disclose his

litigation history because the litigation history questions on the complaint form are clear and unambiguous and do not require legal training to answer, *see McKenzie v. Crews*, 2024 WL 3013663, at *1 (N.D. Fla. June 14, 2024), and Plaintiff could have (and should have) requested a list of his prior cases from the clerks of court where the cases were filed before filing this action if for whatever reason he did not have that information, *see Runge v. Desantis*, 2023 WL 5532146, at *1 (N.D. Fla. Aug. 28, 2023).

The Court also did not overlook Plaintiff's request that he be allowed to file an amended complaint. However, "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to truthfully disclose his litigation history.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 20th day of February, 2026.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**